IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) PERRY MATLOCK. § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| (1) REDBIRD BUSINESS GROUP § | CASE NO. | CIV-22-498-PRW |
| LLC; and § | | |
| (2) REDBIRD VENTURES LLC. § | | |
| Defendants. § | | |

## COMPLAINT

COMES NOW Plaintiff Perry Matlock ("Plaintiff") and files this Complaint against Redbird Business Group LLC and Redbird Ventures LLC (collectively, the "Defendants") and for his causes of action against Defendant states as follows:

### I.     SUMMARY OF COMPLAINT

1.     Redbird Ventures LLC acting as or on the behalf of Redbird Business Group LLC entered into a loan agreement with Plaintiff for a loan of $1,475,000 to complete certain projects in Oklahoma.  Defendants promised to repay Plaintiff by the end of August 2021 and gave Plaintiff the option to convert the full loan amount into 1,475 shares of Redbird Business Group LLC when a supposed reorganization was completed.  When Defendants failed to repay Plaintiff, Defendants enticed Plaintiff with a second loan agreement with similar terms as the first, except with an extended repayment deadline of April 30, 2022.  Again, Defendants failed to repay Plaintiff by this date and Plaintiff is entitled to the amount of the original loan, or an equivalent number of shares.

### II.     JURISDICTION & VENUE

2. The primary allegations of this Complaint concern violations of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78a et seq., involving issues of fraud and misleading statements made by Defendants to Plaintiff regarding securities. Therefore, jurisdiction in this Court is proper pursuant to the provisions of 15 U.S.C. § 78aa and 28 U.S.C. § 1331, as the cause of action arises under the laws of the United States.

3. In addition to the foregoing jurisdictional bases, to the extent that any causes of action implicate state common law or fraud issues, this is an action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states, thereby making jurisdiction also proper pursuant to the provisions of 28 U.S.C. § 1332(a). Further, personal jurisdiction is proper in the United States District Court for the Western District of Oklahoma, because Defendants contracted in writing to the jurisdiction of this Court.

4. Venue of the United States District Court for the Western District of Oklahoma in this action is appropriate pursuant to the provisions of 28 U.S.C. § 1391(b). Further, venue is proper in the United States District Court for the Western District of Oklahoma, because Defendants contracted in writing to the venue of this Court.

### III.   PARTIES

5. Plaintiff, Perry Matlock, is now and at all times relevant to this complaint a resident of Houston, Texas, located within Harris County, Texas.

6. Defendant, Redbird Business Group LLC, is, at all times relevant to this complaint, a foreign limited liability company with its principal place of business in Stilwell, Oklahoma, located within Adair County, Oklahoma.

7. Defendant, Redbird Ventures LLC, is, at all times relevant to this complaint, a domestic limited liability company with its principal place of business in Stilwell, Oklahoma, located within Adair County, Oklahoma.

## IV. STATEMENT OF FACTS

8. On or about June 8, 2021, Redbird Ventures LLC (hereinafter "Redbird Ventures") entered into a "Memorandum of Agreement – Convertible Loan Option" with Plaintiff for additional capital for the purpose of completing capital projects in Stilwell, Oklahoma and reimbursing substantial expenses advanced by the members of Redbird Ventures on behalf of Redbird Business Group LLC (hereinafter referred to as "Agreement One"). A true and correct copy of Agreement One is attached hereto as Exhibit 1 and is incorporated by reference herein for all purposes.

9. Pursuant to Agreement One, Plaintiff loaned Redbird Ventures the sum of One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00). According to Agreement One, upon completion of the reorganization transaction, Plaintiff had the option of converting the entirety of the unpaid loan amount to One Thousand Four Hundred Seventy Five (1,475) Class A Units or Shares in Defendant Redbird Business Group LLC (hereinafter "Redbird Business").

10. Defendant Redbird Ventures promised to pay Plaintiff the aggregate principal sum of One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00), on or before August 31, 2021. *See* Exhibit 1, pp. 1. Nimesh Patel, acting as Redbird Ventures' member and co-manager endorsed Agreement One. No repayment

was made by the agreed date and Defendant Redbird Ventures defaulted on its obligation at that time, under the express terms of their contract.

11. Following Redbird Ventures' default on its obligation to pay Plaintiff, Redbird Ventures' executives gave Plaintiff a myriad of assurances that they would, in fact, be repaid in full following Defendants apparent "reorganization". Additional promises were made of payment to Plaintiff by Defendants, which enticed Plaintiff to enter into a second loan agreement.

12. On or about March 22, 2022, Redbird Business entered into a "Memorandum of Agreement – Convertible Loan Option" with Plaintiff for the superseding and replacement of Agreement One to correctly identify the loan debtor (hereinafter referred to as "Agreement Two"). A true and correct copy of Agreement Two is attached hereto as Exhibit 2 and is incorporated by reference herein for all purposes.

13. Pursuant to Agreement Two, Redbird Business acknowledged that Plaintiff had loaned Redbird Business the sum of One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00) and promised to pay the full amount back to Plaintiff on or before April 30, 2022. As with Agreement One, upon completion of the reorganization transaction, Plaintiff had the option of converting the entirety of the unpaid loan amount to One Thousand Four Hundred Seventy Five (1,475) Class A Units or Shares in Redbird Business. *See* Exhibit 2, pp. 1.

14. Nimesh Patel, acting as Redbird Ventures' member and co-manager endorsed Agreement Two on behalf of Redbird Business. As of the date of the filing of

this Complaint, no repayment has been made and Defendants have defaulted on their obligations, under the express terms of their contract.

## V. FIRST CAUSE OF ACTION

### Manipulative and deceptive devices, violation of 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5

15. Paragraphs 1 – 14 above are realleged and incorporated by reference as if set forth fully herein.

16. As a result of the activities described in Paragraphs 1 through 15, above, Defendants, in connection with the purchase or sale of securities, by the use of the means and instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange, directly or indirectly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state mate material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon purchasers and sellers of securities in violation of 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5.

17. Defendants knew, or were reckless in not knowing, of the conduct described in the allegations described in Paragraphs 1 through 14. Plaintiff justifiably relied upon the fraudulent advice provided by Defendants in making decisions regarding Agreement One and Agreement Two (collectively, the "Loan Agreements") and fraudulent misrepresentations concerning the same.

18. As a result of Defendants violation of 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5, Plaintiffs suffered damages in an amount to be determined at trial, but not less than One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00).

## VI.   SECOND CAUSE OF ACTION

### Control person liability, violation of 15 U.S.C. §78t(a)

19. Paragraphs 1 – 18 above are realleged and incorporated by reference as if set forth fully herein.  Redbird Ventures acted as a controlling person within the meaning of 15 U.S.C. §78t(a), as alleged herein.

20. Redbird Ventures had the power to control, and did control, Agreement Two made by Redbird Business, and their failure to repay distribute securities consistent with Agreement Two, and its misrepresentations regarding Plaintiff's investments, which resulted in primary liability.

21. Redbird Ventures knew, or were reckless in not knowing, that the acts or omissions of Redbird Business would result in harm to Plaintiff, as alleged herein.

22. As a result of the wrongful conduct alleged herein, Plaintiff suffered damages in connection with the Loan Agreements and fraudulent misrepresentations concerning the same, for which Redbird Ventures is liable, in an amount to be determined at trial, but not less than One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00).

## VII.   THIRD CAUSE OF ACTION

### Fraudulent securities, violation of O.S. TIT. 71, § 1-501 and Fraudulent business opportunities, violation of O.S. TIT. 71, § 819

23.     Paragraphs 1 – 22 above are realleged and incorporated by reference as if set forth fully herein.  Defendants fraudulently deceived Plaintiff in connection with the Loan Agreements within the meaning of O.S. tit. 71, §§ 1-501 and 819, as alleged herein.

24.     Defendants, in connection with the sale of a business opportunity that involved the option of purchasing securities in Oklahoma, employed the Loan Agreements that operated as fraudulent or deceitful devices with the intent to defraud or deceive Plaintiff.  With respect to the Loan Agreements, Defendants made untrue statements of material fact or omitted to make statements of material fact necessary in order to make the statements made not misleading to Plaintiff.

25.     As a result of the wrongful conduct alleged herein, Plaintiff suffered damages in connection with the Loan Agreements and fraudulent actions concerning the same, for which Defendants are liable, in an amount to be determined at trial, but not less than One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00).

## VIII.  FOURTH CAUSE OF ACTION

### Breach of Contract

26.     Paragraphs 1 – 25 above are realleged and incorporated by reference as if set forth fully herein.  Defendants have breached their contractual duties by failing to repay Plaintiff the amount due under either of the Loan Agreements, or, in the alternative, issue Class A Units or Shares in Redbird Business.

27.     Despite demand, Defendants have failed and refused and continues to fail and refuse to pay the unpaid amounts due under the contracts or issue Class A Units or

Shares in Redbird Business. All conditions precedent to Plaintiff's recovery have occurred or been performed.

28. As a result of the wrongful conduct alleged herein, Plaintiff suffered damages in connection with the breach of contract concerning the Loan Agreements, for which Defendants are liable, in an amount to be determined at trial, but not less than One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00).

### IX. FIFTH CAUSE OF ACTION

### Money Lent

29. Paragraphs 1 – 28 above are realleged and incorporated by reference as if set forth fully herein. Plaintiff loaned Defendants $1,475,000.00 with the expectation of being repaid, or, in the alternative, an expectation of receiving 1475 Class A Units or Shares in Redbird Business.

30. As a result of the wrongful conduct alleged herein, Plaintiff suffered damages in connection with the failure to repay the monetary obligations as expressed in the Loan Agreements, for which Defendants are liable, in an amount to be determined at trial, but not less than One Million Four Hundred Thousand Seventy Five dollars ($1,475,000.00).

### X. ATTORNEYS' FEES

31. Paragraphs 1 – 30 above are realleged and incorporated by reference as if set forth fully herein. Defendants have forced Plaintiff to retain the undersigned attorneys, and Defendants are liable to pay for attorneys' fees incurred by Plaintiff in exercising its rights and remedies to recover the amount under the Loan Agreements as promulgated by O.S. TIT. 12, § 936(A).

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Perry Matlock, prays that the Court order the Relief requested against Defendants, Redbird Business Group LLC and Redbird Ventures LLC, jointly and severally, and for all such other and further relief, legal or equitable, special or general for which Plaintiff may be justly entitled, including, but not limited to:

a. judgment against Defendants for actual, reliance, and consequential damages in excess of the minimum jurisdictional limits of the Court;

b. pre-judgment interest as provided by law;

c. attorneys' fees for preparation and prosecution of this action as well as a reasonable fee for any and all necessary appeals to other courts as authorized by law;

d. costs of court;

e. post-judgment interest at the highest prevailing legal rate on all of the foregoing from judgment until paid; and

f. such other and further relief, legal or equitable, special or general, to which Plaintiff may be justly entitled.

Respectfully submitted,

**OF COUNSEL (pro hac vice):**

**WINGET|SPADAFORA|SCHWARTZBERG|LLP**

By:   */s/ Martin S. Schexnayder*
Martin S. Schexnayder
Texas Bar No. 17745610
Brian C. Koeppen
Texas Bar No. 24118434
Two Riverway, Suite 1125
Houston, Texas  77056
Telephone:  713-343-9200
Facsimile:   713-343-9201
Schexnayder.M@wssllp.com
Koeppen.B@wssllp.com

**THE BARKLEY LAW FIRM**

By:   */s/ Thomas H. Hull*
Thomas H. Hull
OBA No. 31099
401 S. Boston Ave., Suite 2700
Tulsa, OK 74103-4063
Tel: 918-599-9991
Fax: 918-584-1110
thull@thebarkleylawfirm.com