## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) PERRY MATLOCK. § <br> Plaintiff, § <br> § <br> v. § <br> § <br> (1) REDBIRD BUSINESS GROUP § <br> LLC; and § <br> (2) REDBIRD VENTURES LLC. § <br> Defendants. § | CASE NO. CIV-22-498-PRW |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Perry Matlock (hereinafter the "Plaintiff"), an individual, by its attorneys of record, and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure petitions this Court to enter summary judgment in its favor and against the Defendants as to all issues in controversy alleged against them, and in support states:

### I.   INTRODUCTION

1.  Plaintiff filed suit against Redbird Business Group LLC ("Redbird Business") and Redbird Ventures LLC ("Redbird Ventures") (collectively, the "Defendants") seeking damages for (1) violations of 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5 (manipulative and deceptive devices); (2) violations of 15 U.S.C. §78t(a) (control person liability); (3) violations of O.S. TIT. 71, §1-501 (fraudulent securities); (4) violations of O.S. TIT. 71, §819 (fraudulent business opportunities); (4) breach of contract; and (5) money lent. Plaintiff's original complaint (ECF No. 1, the "Complaint") is attached hereto as Exhibit 1.

### II.   BACKGROUND FACTS

2. On or about June 8, 2021, Redbird Ventures entered into a "Memorandum of Agreement – Convertible Loan Option" with Plaintiff for additional capital for the purpose of completing capital projects in Stilwell, Oklahoma and reimbursing substantial expenses advanced by the members of Redbird Ventures on behalf of Redbird Business Group LLC (hereinafter referred to as "Agreement One"). A true and correct copy of Agreement One is attached hereto as Exhibit 2 and is incorporated by reference herein for all purposes.

3. Pursuant to Agreement One, Plaintiff loaned Redbird Ventures the sum of One Million Four Hundred Seventy Five Thousand dollars ($1,475,000.00). According to Agreement One, if, upon completion of the reorganization transaction, Plaintiff had the option of converting the entirety of the unpaid loan amount to One Thousand Four Hundred Seventy Five (1,475) Class A Units or Shares in Defendant Redbird Business.

4. Defendant Redbird Ventures promised to pay Plaintiff the aggregate principal sum of One Million Four Hundred Seventy Five Thousand dollars ($1,475,000.00), on or before August 31, 2021. *See* Exhibit 2, pp. 1. Nimesh Patel, acting as Redbird Ventures' member and co-manager endorsed Agreement One. No repayment was made by the agreed date and Defendant Redbird Ventures defaulted on its obligation at that time, under the express terms of their contract.

5. Following Redbird Ventures' default on its obligation to pay Plaintiff, Redbird Ventures' executives gave Plaintiff a myriad of assurances that they would, in fact, be repaid in full following Defendants apparent "reorganization". Additional promises were made of payment to Plaintiff by Defendants, which enticed Plaintiff to enter into a second loan agreement.

6. On or about March 22, 2022, Redbird Business entered into a "Memorandum of Agreement – Convertible Loan Option" with Plaintiff for the superseding and replacement of Agreement One to correctly identify the loan debtor (hereinafter referred to as "Agreement Two"). A true and correct copy of Agreement Two is attached hereto as Exhibit 3 and is incorporated by reference herein for all purposes.

7. Pursuant to Agreement Two, Redbird Business acknowledged that Plaintiff had loaned Redbird Business the sum of One Million Four Hundred Seventy Five Thousand dollars ($1,475,000.00) and promised to pay the full amount back to Plaintiff on or before April 30, 2022. As with Agreement One, if, upon completion of the reorganization transaction, Plaintiff had the option of converting the entirety of the unpaid loan amount to One Thousand Four Hundred Seventy Five (1,475) Class A Units or Shares in Redbird Business. *See* Exhibit 3, pp. 1. Nimesh Patel, acting as Redbird Ventures' member and co-manager endorsed Agreement Two on behalf of Redbird Business. *See id.* pp. 2. No repayment has been made and Defendants have defaulted on their obligations, under the express terms of their contract.

8. On July 15, 2022, Defendants filed their answer to Plaintiff's Original Complaint in which they admitted to all the facts listed in the Complaint. Defendants' Answer to the Complaint (ECF No. 12, the "Answer") is attached hereto as Exhibit 4.

### III.   ARGUMENT

9. Plaintiff's cause of action for Manipulative and deceptive devices through violations of 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5, requires a showing of (1) employed devices, schemes or artifices to defraud; (2) made untrue statements of material

fact or omitted to state mate material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) engaged in acts, practices or courses of business which operated as a fraud or deceit upon purchasers and sellers of securities.

10. Plaintiff's cause of action for control person liability through violation of 15 U.S.C. §78t(a), requires a showing that (1) every person who, directly or indirectly, (2) controls any person liable under any provision of this chapter or of any rule or regulation thereunder (3) shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable.

11. Plaintiff's cause of action for fraudulent securities violations under O.S. Tit. 71, § 1-501 and fraudulent business opportunities violations under O.S. Tit. 71, § 819, requires a showing that a person, in connection with the offer, sale, or purchase of a security, directly or indirectly:

    a. Employed a device, scheme, or artifice to defraud;

    b. Made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading; or

    c. Engaged in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

12. Plaintiff's cause of action for breach of contract, requires a showing of (1) the formation of a contract, (2) breach of that contract, and (3) damages as a result of that breach. *Cates v. Integris Health, Inc.*, 2018 OK 9, 412 P.3d 98, 103.

13. Plaintiff's cause of action for money lent, requires a showing that (1) money was delivered to the defendant, (2) the money was intended as a loan, and (3) the loan has not been repaid. O.S. Tit. 15, § 262.

14. Summary judgment is proper in a case in which there is no genuine dispute of material fact. FED. R. CIV. P. 56(a); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Leprino Foods Co. v. DCI, Inc.*, 727 Fed. Appx. 464, 473 (10th Cir. 2018); *Blundell v. ConocoPhillips Co.*, CIV-12-76-L, 2013 WL 628668, at *1 (W.D. Okla. Feb. 20, 2013). To show that the asserted facts are not genuinely disputed, the movant must cite specific parts of the summary-judgment materials (i.e., depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials). FRCP 56(c)(1)(A); *see Celotex Corp.*, 477 U.S. at 323.

### IV. SUMMARY JUDGMENT EVIDENCE

15. In support of this motion, Plaintiff refers the Court to the following documentation:

    a. Exhibit 1 (Plaintiff's Original Complaint, ECF No. 1);

    b. Exhibit 2 (Agreement One, ECF No. 1-1);

    c. Exhibit 3 (Agreement Two, ECF No. 1-2);

    d. Exhibit 4 (Defendants' Answer to Complaint, ECF No. 12);

    e. Exhibit 5 (Affidavit of Perry Matlock); and

    f. Exhibit 6 (Affidavit of Attorneys' Fees).

16. By answers to the Complaint, Defendants affirmatively answered that:

    a.    Defendants entered into Agreement One and Agreement Two with Plaintiff, in which Defendants promised to repay Plaintiff the $1,475,000.00 loaned. *See* Exhibit 1 at pp. 3, ¶¶9-10 and pp. 4, ¶12; *see* Exhibit 4 at pp. 2, ¶¶9-10 and ¶12.

    b.    In both Agreement One and Agreement Two, Defendants promised that Plaintiff had the option of converting the entirety of the unpaid loan amount to One Thousand Four Hundred Seventy Five (1,475) Class A Units or Shares in Defendant Redbird Business. *See* Exhibit 1 at pp. 3, ¶9 and pp. 4, ¶13; *see* Exhibit 4 at pp. 2, ¶9 and ¶13.

    c.    Defendants defaulted on Agreement One and Agreement Two by failing to repay Plaintiff the $1,475,000.00 by the time expressed in each agreement. *See* Exhibit 1 at pp. 3, ¶10 and pp. 4, ¶14; *see* Exhibit 4 at pp. 2, ¶10 and ¶14.

17.    Additionally, Plaintiff incorporates by reference herein the affidavit of **Perry Matlock**, which is attached as Exhibit 5.

### V.    ALTERNATIVE PARTIAL SUMMARY JUDGMENT

18.    If summary judgment for Plaintiff is not rendered on the entire cause or for all relief requested, and if a trial is necessary on some of the issues in this cause, Plaintiff requests the Court, after examining the pleadings and summary judgment evidence before it and interrogating counsel to ascertain those material facts that are in good faith actually controverted, to make an order specifying those facts that appear to be without substantial controversy and directing such further proceedings in the actions that are just.

## VI.   ATTORNEYS' FEES

19. Plaintiff is entitled to a Judgment awarding reasonable and necessary attorneys' fees and costs. The Defendants have forced Plaintiff to retain the undersigned attorneys, and Defendants are liable under Oklahoma Statutes to pay for all costs and expenses, including reasonable attorney's fees, incurred by Plaintiff in exercising its rights and remedies. O.S. TIT. 12, § 936(A).

20. In support of reasonable and necessary attorneys' fees, the affidavit of Martin S. Schexnayder is attached hereto as Exhibit 6 and incorporated herein by reference for all purposes, which establishes the amount of reasonable and necessary attorney's fees that should be awarded.

## VII.   REQUEST FOR PRE-JUDGEMENT INTEREST

21. 28 U.S.C.A. § 1961 allows for interest on any money judgment in a civil case. In a diversity action, such as this current matter, State law controls the right to recover pre-judgment interest. *Cont'l Fed. Sav. & Loan Ass'n v. Delta Corp. of Am.*, 425 F. Supp. 371, 372 (W.D. Okla. 1976) (ref. *Kinsella v. Leonard*, 415 F.2d 574 (Tenth Cir. 1969)).

22. The Oklahoma Courts have interpreted 23 Okl. Stat. 1971 § 6 to allow pre-judgment interest where the amount of damages is easily ascertainable but not "where a trial is necessary in order to ascertain the amount due." *Cont'l Fed. Sav. & Loan Ass'n*, 425 F. Supp. At 372 (quoting Smith v. Owens, 397 P.2d 673 (Okl.1965)). The amount of damages in this current matter is $1,475,000.00, which is easily ascertainable.

23. "For purposes of computing prejudgment interest as authorized by [§ 727.1], interest shall be determined using a rate equal to the average United States Treasury Bill

rate of the preceding calendar year as certified to the Administrative Director of the Courts by the State Treasurer on the first regular business day in January of each year." Okla. Stat. Ann. tit. 12, § 727.1 (I). The prejudgment interest rate of the preceding calendar year is 0.03%.[1]

24. Wherefore, Plaintiff requests that this matter be set for hearing, with notice to Defendants, and that on the completion of the hearing the Court grant Plaintiff's motion for summary judgment, and that Plaintiff have the following:

    a. The Court set this matter for hearing;

    b. Plaintiff be granted Summary Judgment for One Million Four Hundred Seventy Five Thousand dollars ($1,475,000.00); or alternatively, should the Court find some facts to be controverted, Plaintiff be granted a partial Summary Judgment specifying those facts that appear to be without substantial controversy;

    c. Plaintiff be granted Summary Judgment for pre-judgment interest, post-judgment interest, and costs of court, all as prayed for in Plaintiff's Original Complaint;

    d. Plaintiff be granted attorneys' fees as stated in Exhibit 6 attached hereto; and

    e. Plaintiff be granted all further relief to which Plaintiff may be entitled.

---

[1] Jari Askins, Administrative Director of the Courts, *Notice Re: Interest on Judgments*, Oklahoma State Courts Network; https://www.oscn.net/applications/oscn/DeliverDocument.asp?CiteID=490413.

Respectfully submitted,

**OF COUNSEL (pro hac):**

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

Martin S. Schexnayder
Texas State Bar No. 17745610
Brian C. Koeppen
Texas State Bar No. 24118434
Two Riverway, Suite 1125
Houston, Texas 77056
Telephone: 713-343-9200
Facsimile: 713-343-9201
Schexnayder.M@wssllp.com
Koeppen.B@wssllp.com

**THE BARKLEY LAW FIRM**

Thomas H. Hull
OBA No. 31099
401 S. Boston Ave., Suite 2700
Tulsa, OK 74103-4063
Tel: 918 599 9991
Fax: 918 584 1110
thull@thebarkleylawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Federal Rules of Civil Procedure, on this the 3rd day of November, 2022.

Michael T. Maloan, OBA No. 15097
**FOLIART, HUFF, OTTAWAY & BOTTOM**
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma 73102
Telephone: (405) 232-4633
Fax: (405) 232-3462
michaelmaloan@oklahomacounsel.com

Joe D. Byars, Jr., OBA No. 33798
**BYARS & HALL PLLC**
401 Lexington Ave.
Fort Smith, AR 72901
Telephone: (479) 494-1800
Fax: (479) 783-0694
JByars@bhhfirm.com

*Attorneys for Defendants*